IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAWRENCE E. LOCKHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14-CV-043 |
| ) | |
| ASSET ACCEPTANCE, LLC., ) | Jury Trial Demanded |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendants, in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Lawrence E. Lockhart (hereafter referred to as "Plaintiff" and/or "Mr. Lockhart") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Asset Acceptance, LLC (hereafter referred to as "Defendant" and/or "Asset") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a limited liability company organized in Delaware, with its principal office located at 28405 Van Dyke Avenue, Warren, MI 48093-7132 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Within a year prior to the filing of this Complaint, on or about November 1, 2013, Defendant sent a collection letter dated November 1, 2013 to Mr. Lockhart

10. The November 1, 2013 collection letter from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the November 1, 2013 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

11. The November 1, 2013 collection letter stated (a) that Citifinancial, (hereinafter referred to as "Citi"), client and the original creditor on the account; (b) the last four digits of the original creditor account were 7291; (c) the last four digits of Defendant's account were 6218, and (d) the Plaintiff owed a current balance of $11,935.15.

12. Thereafter, Mr. Lockhart received a subsequent collection letter from Defendant approximately one (1) month later dated December 1, 2013.

13. The December 1, 2013 collection letter from Defendant was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the December 1, 2013 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

14. The December 1, 2013 collection letter stated (a) that Citifinancial, (hereinafter referred to as "Citi"), client and the original creditor on the account; (b) the last four digits of the original creditor account were 7291; (c) the last four digits of Defendant's account were 6218, and (d) the Plaintiff owed a current balance of $12,001.53.

15. Thereafter, Mr. Lockhart received an additional collection letter from Defendant approximately one (1) month later dated January 1, 2014.

16. The January 1, 2014 collection letter from Defendant was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the January 1, 2014 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

17. The January 1, 2014 collection letter stated (a) that Citifinancial, (hereinafter referred to as "Citi"), client and the original creditor on the account; (b) the last four digits of the original creditor account were 7291; (c) the last four digits of Defendant's account were 6218, and

(d) the Plaintiff owed a current balance of $12,079.46.

18.     Plaintiff has made no payments to the above-referenced account since the November 1, 2013 collection correspondence.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

19.     The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

20.     The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $11,935.15 is demanded in the Defendant's collection letter dated November 1, 2013; then the balance increases to $12,001.53 pursuant to Defendant's collection letter dated December 1, 2013; then the balance increases again to $12,079.46 pursuant to Defendant's collection letter dated January 1, 2014.

21.     A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Mr. Lockhart confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

22.     A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 6.767% based upon an annual percentage rate ("APR") from the November 1, 2013 collection letter demanding $11,935.15 to

the December 1, 2013 collection letter demanding $12,001.53.

23. An additional calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 7.645% based upon an annual percentage rate "(APR)" from the December 1, 2013 collection letter demanding $12,001.53 to the January 1, 2014 collection letter demanding $12,079.46.

24. Mr. Lockhart asserts that his interest rate on his Citifinancial account ending in 7291 was never 6.767% APR, nor 7.645% APR.

25. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest Defendant has confused Mr. Lockhart as to what amount of money he owes on this account.

26. Mr. Lockhart asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

27. Mr. Lockhart asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

28. Mr. Lockhart further asserts that Defendant is attempting to keep him confused as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

29. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day,

and therefore even if he were to pay the full amount demanded of him, Defendant may still seek more from him in the future.

30. The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

31. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

<u>SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO
THE AMOUNT OF THE ALLEGED DEBT</u>

32. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

33. Each and every letter from Defendant demands a different amount from the Plaintiff.

34. As more fully described in the first cause of action *supra*, a calculation of the time between the Defendant's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

35. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Mr. Lockhart

as to what amount of money is owed on this account.

36. Mr. Lockhart is confused as to who is owed and what amount on this account since he has received various collection letters with varying balances and non-contractual interest rates applied.

37. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 3rd day of February, 2014.

                                              LAWRENCE LOCKHART

                                  BY:    /s/ Brent Travis Strunk
                                                  Brent Travis Strunk (BPR 023050)
                                                  Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net